UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


DONALD WILLIAMS                                CIVIL ACTION

VERSUS                                         NO: 07-1328

VALERO ENERGY CORP.                            SECTION: "J"(1)


**ORDER AND REASONS**

Before the Court is Plaintiff's **Motion to Remand (Rec. Doc. 6)**. Defendant opposed the motion, which was for hearing on June 13, 2007, without oral argument.  For the reasons that follow, this Court finds that Plaintiff's motion should be granted.

Plaintiff argues that this matter should be remanded because the amount in controversy does not meet the jurisdictional requirement of $75,000.  Defendant argues, on the other hand, that the matter should not be remanded, because the damages alleged by Plaintiff in his Petition infer that the amount in controversy is met.

In Luckett v. Delta Airlines, Inc., the Fifth Circuit summarized the analytical framework for considering questions regarding the amount in controversy in removed actions which originate in Louisiana state courts, in which plaintiffs, by law, may not allege a specific monetary value for their damages. 171 F.3d 295, 298 (5th Cir. 1999), citing La. Code. Civ. P. art. 893. In such cases, the removing defendant bears the burden of

1

proving, by a preponderance, that the amount in controversy exceeds $75,000.  Id., citing DeAguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993).

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.

Id. (citations and internal quotations omitted).

Here, Defendant did not file any affidavit or set forth any facts in controversy in its removal petition to support a finding of the requisite amount.  To the contrary, with respect to this issue, the notice of removal contains only the conclusory statement that "[r]emovers reasonably believe and aver that the amount in controversy in the above-entitled action, exclusive of interest and costs, exceeds the jurisdictional amount of $75,000 set forth in 28 U.S.C. § 1332."  (Rec. Doc. 1, ¶ 11).  Therefore, the Court must determine whether the pleadings filed by Defendant demonstrate that a review of Plaintiff's petition indicates that it is "facially apparent" that his claims are likely to exceed $75,000.  Luckett, 171 F.3d at 299; see also, Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).

Plaintiff's petition alleges that he suffered "serious bodily injuries" to his back that will require medical treatment.  (Rec. Doc. 1-2, ¶ III).  He is specifically seeking damages for physical pain and suffering, emotional distress and mental

2

anguish , loss of earnings and earning capacity, and past and future medical expenses." (Rec. Doc. 1-2, ¶ VIII).

While the Court can conceive of scenarios in which this type of injury could be valued at over $75,000, upon review of this matter it cannot say that it is **facially apparent** that Plaintiff's claims are **likely above** $75,000.  See Luckett, 151 F.3d at 297.  Therefore, having reviewed the record, the memoranda of counsel, and applicable law, the Court finds that Defendant has failed to meet its burden of proof with respect to the amount in controversy.  Accordingly;

**IT IS ORDERED**, pursuant to 28 U.S.C. §1447(c), that Plaintiff's **Motion to Remand (Rec. Doc. 6)** should be and is hereby **GRANTED**, and this matter is hereby **REMANDED** to the state court from which it was removed.

New Orleans, Louisiana this 14th day of June, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE